[Civ. No. 21768.   Second Dist., Div. Three.   Aug. 7, 1957.]

EDWARD A. WILSON, Appellant, v. DEPARTMENT OF PUBLIC WORKS OF THE CITY AND COUNTY OF LOS ANGELES et al., Respondents.

Rafus J. Carter for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and Walter Carrington, Deputy City Attorneys, for Respondents.

WOOD (Parker), J.—Petitioner, who was discharged from his civil service position in the Department of Public Works of the City of Los Angeles, sought an alternative writ of mandate in the superior court compelling his reinstatement in the position.   Respondents are the Department of Public Works of the City of Los Angeles, and Grant H. Flint, "Superintendent"; the Board of Civil Service Commissioners of the City of Los Angeles, and the individual members of said board.   There was no hearing in the superior court. The petition for the writ was denied.   Petitioner appeals from the judgment (minute order).

Appellant contends that respondents abused their discretion in discharging him and that the court erred in denying the writ.

Respondents contend that since petitioner did not allege that he had filed a demand for reinstatement with the board of civil service commissioners, as required by section 112½ of the charter of the city of Los Angeles, he failed to state a cause of action, and that it appears that the relief sought is barred by laches.

The petition which was filed April 14, 1955, states, in substance: On May 7, 1951, petitioner was employed as a refuse collector by the department of public works, and he attained permanent status under civil service regulations of the department. About March 16, 1954, he was arrested and "charged with suspicion of Burglary." About 3:45 p. m. of that day he caused notice of his "incarceration" to be given to "respondent." On March 17, 1954, petitioner was released from custody and the charges against him were dismissed. On March 18, 1954, petitioner reported for work and was permitted to enter upon his usual employment pending final decision in the matter "by the said respondent." On March 31, 1954, he was discharged from his employment by the board of public works on the alleged grounds of "Frequent unauthorized absences and tardiness; and failure to improve despite numerous warnings." Thereafter petitioner appealed "the discharge" to the board of civil service commissioners and on April 29, 1954, a hearing was held before Commissioner Callicott.

The petition states further that at said hearing the following testimony was adduced: Respondent Flint testified that petitioner was employed from June 8, 1950, until October 28, 1950, as a truck operator "to work temporarily in vacation relief"; during this period petitioner had been absent on three occasions; petitioner had been reappointed to the department on May 7, 1951, as a refuse collector and was so employed until his discharge on March 31, 1954. There was further testimony that during this three-year period petitioner had been absent on two occasions and tardy on four occasions; on each occasion he was given a warning notice by his supervisor; petitioner's last absence, prior to his "incarceration," was on July 29, 1953, at which time a warning notice was given and a letter was written admonishing petitioner that unless immediate improvement was forthcoming disciplinary action would be taken.

The petition states further, in substance: From July 29, 1953, until March 16, 1954, petitioner was not absent or tardy. His absence on March 16, 1954, was beyond his control

and he performed his duty by giving notice to his employer of his inability to report for work on that day by reason of his arrest. On July 2, 1954, the board of civil service commissioners and the members of the board sustained petitioner's discharge. If petitioner had not been involuntarily absent on March 16, 1954, by reason of his arrest, he would not have been discharged. From July 6, 1953, until March 16, 1954, petitioner's attendance record was without blemish. Respondents acted capriciously and unlawfully, and it was an abuse of their discretion and power to discharge petitioner under the circumstances. Failure to exercise the right of dismissal for previous unauthorized absences and tardiness is a waiver of the right, "where as here, the governing authority writes a letter apparently forgiving past conduct and calls for an 'immediate improvement' " and states that if there is no improvement disciplinary action will be taken. It is manifest that there was an immediate improvement on the part of petitioner as there were no other infractions until petitioner's arrest and incarceration, which occurred eight months after the date of the warning letter. There is no other adequate, speedy, or available remedy at law, and the issuance of the writ is indispensable to the enforcement of petitioner's rights.

The prayer is for an alternative writ of mandate compelling respondents to reinstate petitioner in his position or to show cause why they should not reinstate him.

As above stated, respondents contend that since petitioner did not allege that he had filed a demand for reinstatement with the board of civil service commissioners, as required by section 112½ of the charter of the city of Los Angeles, he failed to state a cause of action.

Section 112½ of the charter of the city of Los Angeles, provides, in part: "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the City Clerk. Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel

such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement."

Petitioner alleges that he was unlawfully discharged on March 31, 1954, and that the board of civil service commissioners sustained the discharge on July 2, 1954. The petition was filed on April 14, 1955. Petitioner does not allege that he filed a demand for reinstatement with the board of civil service commissioners within 90 days following the date on which he was discharged, as required by section 112½ of the charter, or that he filed such a demand at any time. He does not allege any facts excusing him from filing the demand. The petition does not state a cause of action. (*Moreno* v. *Cairns*, 20 Cal.2d 531 [127 P.2d 914] ; *Stoker* v. *Bowron*, 129 Cal.App.2d 671 [277 P.2d 439] ; *Temple* v. *Horrall*, 92 Cal. App.2d 177 [206 P.2d 909].)

In view of the above conclusion, it is not necessary to discuss the other contention of respondents that the relief sought is barred by laches.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.