[Civ. No. 18499.  Second Dist., Div. Three.  Dec. 3, 1951.]

RAYMOND E. VARELA, Appellant, v. BOARD OF POLICE COMMISSIONERS et al., Respondents.

Victor O. Geretz for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and John F. Feldmeier, Deputy City Attorneys, for Respondents.

SHINN, P. J.—Raymond E. Varela petitioned the superior court for a writ of mandate to compel defendants to reinstate him as a sergeant in the Los Angeles police force. The demurrer of all defendants to the petition was sustained without leave to amend and Varela appeals from the judgment thereafter entered.

It was alleged in the petition that in December, 1948, appellant, then a police sergeant, was accused of accepting a bribe. The accusation was made by officers of the personnel division of the police department who interrogated appellant for a period of five hours, during which time he was not allowed counsel. During the interrogation Varela was told that if he did not resign he would have to face prosecution for the offense, but that if he resigned there would be no prosecution with its attendant disgrace, humiliation and adverse publicity; as a result of this pressure appellant resigned, although he was innocent. His resignation was accepted by the chief of police and the acceptance approved by the Board of Police Commissioners December 8, 1948. Shortly thereafter he was charged with bribery by criminal complaint, was tried and acquitted of the charge in February, 1949. Soon after his acquittal Varela met with two members of the Board of Police Commissioners who assured him they would reinstate him if he would refrain from filing a claim for reinstatement until after the municipal elections of May 31, 1949. Varela relied

on these representations and did not at that time file a demand for reinstatement as required by section 112½ of the city charter. After the election Varela did not file a demand but corresponded with the police commissioners from June 14, 1949, to November 2, 1949, seeking the promised reinstatement. On November 23, 1949, the Board of Police Commissioners adopted a resolution rescinding the action of the board taken December 8, 1948, ordering his immediate restoration to his position as a member of the department, and ordering a citation of appellant before a Board of Rights for a hearing on the charge leading to his resignation.

On November 30, 1949, the Board of Civil Service Commissioners refused to accept the reinstatement. On February 9, 1950, Varela filed a demand for reinstatement with the Civil Service Commission, which was denied. On July 19, 1950, the petition for writ of mandate was filed and on October 11, 1950, the alternative writ issued.

█ If the resignation of plaintiff was wrongfully obtained he was in the position of one who had been wrongfully discharged. (*Moreno* v. *Cairns*, 20 Cal.2d 531 [127 P.2d 914].) Conceding that such was the status of appellant, if the resignation was involuntary, the parties advance the following contentions: appellant says that he has been reinstated by the Board of Police Commissioners and that respondents should be compelled to respect his rights as a member of the department. Respondents say that the facts alleged in the petition were insufficient to show that appellant's resignation was involuntary in a legal sense. They deny that the Board of Police Commissioners had authority to reinstate appellant. They assert that appellant cannot maintain the present action without having first made a demand upon the Board of Civil Service Commissioners for reinstatement, which he failed to do within the time prescribed by section 112½ of the city charter. They maintain also that appellant's claims must be rejected because of his failure to prosecute the same with diligence. Appellant replies that respondents are estopped to take advantage of his failure to make a timely demand for reinstatement, and that the facts which he has pleaded sufficiently excuse his failure to act more promptly.

█ In discussing appellant's first contention we must look to the charter provisions which invest certain boards with authority in the matter of lay-off, suspension or removal, and reinstatement of city employees.

Section 112 provides in substance that removal, discharge

or suspension of an employee, other than members of the police department and fire department in the classified civil service, is subject to review by the Board of Civil Service Commissioners which may, after investigation, sustain a removal, discharge or suspension, or vacate the same.

Section 112½[1] provides that a person who has been laid off, suspended or discharged, may not maintain an action for reinstatement or for compensation unless within 90 days he files with the Board of Civil Service Commissioners a written demand for reinstatement.

The charter does not invest the Police Commission with the power to reinstate members of the department who have been laid off, suspended or discharged. That power is vested exclusively in Boards of Rights.

Sections 135, applying to firemen, and 202, applying to policemen, provide (except as to resignations or temporary suspensions) that no employee of either department shall be suspended, removed, deprived of his office or otherwise separated from the service except upon a finding of "guilty" of specific acts charged against him. The sections outline procedure for trial of the accusation before a Board of Rights where the employee has been suspended or relieved from duty. The board has the power to impose penalty by way of suspension or removal upon a finding of "guilty," or to vacate the action taken against the employee. The attempted reinstatement of appellant was ineffectual.

We shall consider next the contention of respondents that under the facts pleaded appellant's resignation must be regarded as having been given voluntarily. They rely upon the rule that threats to take action which may be taken lawfully, do not amount to duress, and they say that since it was not unlawful for the members of the police personnel division to prosecute appellant, there was nothing wrong in their uttering threats of prosecution; therefore, they say,

---

[1] "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners. . . . Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement. . . ."

appellant's resignation if induced by such threats was nevertheless a voluntary one. We cannot agree that the rule has application to the case of appellant. When appellant asserted that his resignation was wrongfully obtained, he had the rights of one claiming to have been unlawfully discharged, that is to say, a right to the trial of that question of fact. It was a question in the first instance for an administrative board. The question here is whether the triers of facts could, within their discretionary powers, upon the facts alleged, find that plaintiff's resignation was not given voluntarily. We do not doubt that an administrative board could lawfully repudiate the alleged threat of prosecution and the alleged promise to refrain therefrom if plaintiff would resign, as intolerable, seriously detrimental to the morale and integrity of the police department, and contrary to public policy. It would be presumptuous for the courts to so limit the discretionary powers of a· city administrative board as to require it to withhold reinstatement of an employee whose resignation had been obtained by such unfair and oppressive means. We hold, therefore, that upon the facts alleged plaintiff was in the position of one who had been wrongfully discharged.

Appellant tacitly admits that he was required to file a demand for reinstatement as required by section 112½. It was so held in 20 Cal.2d 531, *supra,* a case which involved a fireman who claimed his resignation had been obtained unlawfully. Following this decision, we hold that compliance with section 112½ was a prerequisite to the maintenance of the present action, although the Board of Civil Service Commissioners has no jurisdiction to reinstate or refuse to reinstate a member of the police or fire departments who has been suspended or discharged.

We are thus brought to the question whether the facts pleaded by appellant are sufficient to excuse noncompliance with section 112½. Inextricably involved is the further question whether the facts ·alleged show that appellant has acted diligently in the prosecution of his claim to reinstatement. In support of his argument that his failure to make demand for reinstatement within 90 days was excusable, plaintiff relies upon *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], in which a claimant for damages against the county was held to have been excused from filing a claim with the county by the representations, assurances and promises of an agent of the county in his efforts to negotiate a settlement. ▇ If plaintiff had in other respects acted diligently we would have occasion to de-

cide whether the failure to comply with section 112½ was excusable under the salutory doctrine applied in the Farrell case; but there is another rule which applies to the efforts of one seeking reinstatement in public employment, namely, that he must act promptly in the prosecution of his claim. Diligence, of course, is related to the circumstances of the case. It is required of those seeking reinstatement in public positions for the reason that many changes may take place, especially in the classified civil service, because of the removal of a single employee. ■ Whether one has acted with diligence depends not alone upon the elapse of time, but also upon consequences attributable to a delay, consisting, perhaps, of changed circumstances. (*Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674, 680 [62 P.2d 1047], and cases there cited.)

Appellant engaged in negotiations with the Board of Police Commissioners until November 23, 1949, at which time the board purported to reinstate him and ordered that he be cited to appear before a Board of Rights. It was not until the following February that he filed a demand with the Board of Civil Service Commissioners; in July, following, he instituted the present action and in October obtained an alternative writ. Appellant, being in the position of one who had been wrongfully discharged, was entitled to a trial before a Board of Rights, as the Board of Police Commissioners had directed. ■ It is true that section 202 does not provide for the trial of the question whether one who has resigned under duress should be reinstated, but the board nevertheless has that power. It is the only body authorized by the charter to sustain an order of suspension or removal or to vacate it. It is the only body invested with the power to remove a member of the police force or to otherwise separate him from the service. Either the authority must be implied or it does not exist in any officer or body. There is an express provision in section 112 which deprives the Civil Service Commission of all authority with respect to the removal or reinstatement of members of the police and fire departments.

It may not be questioned that appellant and the members of the police commission believed that the board had power to reinstate appellant. When the board attempted to reinstate him it also ordered that he be cited before a Board of Rights, which order could have related only to the trial of charges based upon appellant's conduct which had led to his prosecution for bribery. Appellant is here confronted by a difficulty which, in our opinion, is decisive of the case. It is provided in

section 202 that a member of the police department may not be tried except upon a complaint charging misconduct within a year immediately preceding the filing of the complaint. In the absence of an allegation in the petition as to the date of the acts of appellant which led to his prosecution, we may assume that a year had not expired on the 23d day of November, 1949, when the board ordered that appellant be cited. The alleged conduct must have occurred prior to December 8, 1948, the date appellant's resignation was accepted. It is not alleged that any complaint was filed against appellant, and we must assume none was filed. Therefore, while appellant was negotiating for his reinstatement, the time expired for the filing of charges against him.

The principles of estoppel may not be applied here to bar respondents from asserting the defense of laches, consisting of the failure of appellant to act with the diligence which the circumstances demanded. The doctrine of estoppel is applied defensively; it operates to prevent one from taking an unfair advantage of another but not to give an unfair advantage to one seeking to invoke the doctrine. (*Franklin* v. *Merida*, 35 Cal. 558, 575 [95 Am.Dec. 129] ; *Little* v. *Union Oil Co.*, 73 Cal.App. 612, 621 [238 P. 1066] ; *Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal.App.2d 337 [89 P.2d 732].) If the delay was due to a mutual misconception of the authority of the Board of Police Commissioners, the fault was no less that of appellant than it was of the board. Due to the delay the city has lost a right to put appellant on trial before a Board of Rights, and if he should prevail in the present proceeding he will have gained a corresponding advantage. Estoppel may not be used to bring about this unjust result.

We hold, therefore, that appellant's action was barred by his failure to comply with section 112½ of the charter under the facts alleged, which facts clearly establish a failure upon his part to prosecute his claims with the diligence which the circumstances demanded. The demurrer of respondents was properly sustained without leave to amend.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1952. Carter, J., and Schauer, J., voted for a hearing.