[Civ. No. 30872.   Second Dist., Div. One.   Nov. 2, 1966.]

CITY OF LOS ANGELES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FRANK HECKL, Real Party in Interest.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Jack L. Wells, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Burton Marks and Harvey A. Schneider for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner, the City of Los Angeles, seeks a writ of prohibition requiring the Superior Court for Los Angeles County to desist from any further proceedings in the action now pending in that court entitled Frank Heckl v. H. W. Sullivan etc., et al.

On February 20, 1964, Frank Heckl, a police officer employed by the City of Los Angeles, was informed by his superior officers that a complaint would be filed against him pursuant to section 202 of the Los Angeles City Charter charging him with an offense warranting disciplinary action. On being so informed, Heckl resigned in lieu of facing such action. On May 31, 1966, Heckl filed an action in the respondent court against the then acting chief of police and the city seeking a declaration of his right to rescind his resignation, to be restored to his former position as a police officer, and to

---

*Assigned by the Chairman of the Judicial Council.

recover compensation for loss of salary from the date of his resignation to the date of his reinstatement.

The defendant city answered and noticed a motion to dismiss the complaint and for summary judgment on the ground that Heckl had failed to exhaust his administrative remedies before filing the complaint. The motion was denied on July 13, 1966. The city then filed its petition which is now before us.

The city contends that the respondent court has no jurisdiction to entertain the subject action for the reason that Heckl did not exhaust his administrative remedies provided in section 112½ of the Los Angeles City Charter before filing his complaint. That section reads: "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the City Clerk. Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement. Proof of filing the claim for compensation within the time and in the manner herein specified shall be a condition precedent to any recovery of wages or salary claimed to be due on account of said lay-off, suspension or discharge. Except as herein specified, such claims for compensation shall conform to the requirements of Sections 363, 369 and 376 of this charter."

It appears from the record before us that Heckl's resignation as a police officer was submitted on February 20, 1964. The declarations filed in support of the motion for summary judgment show that Heckl's only demand for reinstatement was filed with the Civil Service Commission on November 15, 1965, and no claim for compensation was filed with the city clerk at any time from February 20, 1964 to June 10, 1966.

Petitioner is entitled to the relief it here seeks. "[T]he rule is that where an administrative remedy is

provided by statute, relief must be sought from the adminis-. trative body and this remedy exhausted before the courts will act.'' Compliance with this rule is ''a jurisdictional prerequisite to resort to the courts,'' and prohibition is the proper. remedy when the rule is not enforced by the trial court. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292-293 [109 P.2d 942, 132 A.L.R .715].)  ''The rule of exhaustion of. administrative remedy applies even though the action be for declaratory relief.'' (*Dunham* v. *City of Westminster*, 202 Cal.App.2d 245, 249-250 [20 Cal.Rptr. 772].)

It was settled in *Moreno* v. *Cairns*, 20 Cal.2d 531, 534-535. [127 P.2d 914] that ''[w]henever a person is severed from his employment by coercion the severance is effected not by his own will but by the will of a superior. A person who is forced to resign is thus in the position of one who is discharged, not of one who exercises his own will to surrender his employment voluntarily.'' The petitioner in Moreno claimed that he was forced to resign from his position as an assistant chief of the Los Angeles Fire Department under duress. He did not petition the Board of Fire Commissioners for reinstatement until about a year after his resignation. In affirming a judgment for defendant in his subsequent proceeding in the trial court for a writ of mandate to compel his reinstatement, the court said: ''By his own allegations his severance from his position was a resignation in name only, and he seeks reinstatement on the ground that it was in effect not a resignation. His failure to comply with the conditions of section 112½ [of the Los Angeles City Charter] governing demands for reinstatement compels him to advance his involuntary severance of employment as a resignation exempt from those conditions. He cannot escape from the dilemma, however, that the coercion attending his nominal resignation, while affording him a ground for reinstatement, also identifies that resignation as an actual involuntary severance from employment tantamount to an unlawful discharge within the meaning of section 112½ of the city charter. A demand for reinstatement following severance from employment under such circumstances must therefore meet the conditions of that section.''

In *Temple* v. *Horrall*, 92 Cal.App.2d 177, 179 [206 P.2d 909] plaintiff brought suit to have his resignation as a Los Angeles police officer declared of no force or effect because he had resigned under the coercion of his superior officer. ''There is no essential difference,'' said the court, ''between the facts in *Moreno* v. *Cairns, supra* [20 Cal.2d 531 (127 P.2d 914)],

and those in the present case. Therefore, since plaintiff did not plead a compliance with section 112½ of the charter, he failed to state a cause of action and the trial court properly sustained defendants' demurrer without leave to amend." Similarly, in *Varela* v. *Board of Police Comrs.*, 107 Cal.App.2d 816 [238 P.2d 62] the court, following the decision in *Moreno*, held (p. 820) "that compliance with section 112½ was a prerequisite to the maintenance of the present action, although the Board of Civil Service Commissioners has no jurisdiction to reinstate or refuse to reinstate a member of the police or fire departments who has been suspended or discharged."

*Varela* is also authority for the rule that one seeking reinstatement in public employment "must act promptly in the prosecution of his claim. Diligence, of course, is related to the circumstances of the case." The court there held that there had been a failure of petitioner "to prosecute his claims with the diligence which the circumstances demanded." In reaching that conclusion the court considered the fact that, because of the delay, the time had expired for the filing of disciplinary charges against Varela and for a hearing before the board of rights pursuant to section 202 of the Los Angeles City Charter.

In his opposition to the petition Heckl contends that section 112½ of the city charter is inapplicable to police officers by reason of subdivision (b) of section 112 of the charter;[1] that because the Civil Service Commission has no jurisdiction with respect to the removal or reinstatement of members of the police department, it would be an idle act to require compliance with section 112½; that the cases upon which petitioner relies failed to take into consideration the provisions of subdivision (b) of section 112; and that subdivision (16) of section 202[2] sets forth the manner in which a police officer removed

---

[1]Section 112 provides in substance that removal, discharge or suspension of an employee in the classified civil service is subject to review by the Board of Civil Service Commissioners which may, after investigation, sustain a removal, discharge or suspension, or vacate the same. Subdivision (b) thereof provides: "The provisions of this section shall not apply to those members of the Police Department appointed under civil service rules and regulations and sworn in, as provided by law, to perform the duties of regular police officers, nor to those members of the Fire Department appointed under civil service rules and regulations to perform the duties of regular firemen; notwithstanding anything contained in sections 135 and 202 of this charter, all other employees of both departments shall be subject to the provisions of this section."

[2]Section 202, subdivision (1) provides: "The right of an officer or employee of the Police Department to hold his office or position and to the compensation attached to such office or position is hereby de-

from the force can seek reinstatement and provides for a three-year period for the prosecution of a petition for reinstatement, which provision would be meaningless if a police officer is denied the right to apply for reinstatement for failure to comply with the ninety-day requirement of section 112½. We find no merit in these contentions.

■ With regard to Heckl's contentions, it is our conclusion that the cases of *Varela* and *Temple* properly followed the *Moreno* decision and were correctly decided. (In each case a hearing by the Supreme Court was denied.) The applicability of section 112½ does not depend upon the method of prosecuting charges against an employee but, rather, upon the nature of the claim made by the employee after his discharge. The crucial holding of these cases is that section 112½ applies to any civil service employee, including a policeman and a fireman, who claims that he has been unlawfully suspended, laid off or discharged. Although in *Moreno*, *Varela* and *Temple* there was an alleged coerced or involuntary resignation which was held to be tantamount to an unlawful discharge, the police officer in *Stoker* v. *Bowron*, 129 Cal.App.2d 671 [277 P.2d 439] was removed by an order of discharge following the filing of a complaint and a finding by the board of rights, all as provided in section 202. It was there contended by the discharged officer, as it is by Heckl, that section 112 does not apply to firemen and policemen; that section 202 provides a complete procedure for trial and punishment by a board of rights with regard to charges against a policeman, and that

clared to be a substantial property right of which he shall not be deprived arbitrarily or summarily, nor otherwise than as herein in this section provided. No officer or employee of the Police Department shall be suspended, removed, deprived of his office or position, or otherwise separated from the service of the Police Department (other than by resignation) except for good and sufficient cause shown upon a finding of 'guilty' of the specific charge or charges assigned as cause or causes therefor after a full, fair and impartial hearing before the Board of Rights (except as otherwise specifically provided in paragraphs two (2) and seven (7) of this section). Such charges must be based upon some act committed or omitted by such officer or employee within one (1) year prior to the filing of the complaint referred to herein. No case of suspension with loss of pay shall be for a period exceeding six (6) months.'' Other subdivisions of this section outline procedure for trial of the accusation before a board of rights where the employee has been suspended or relieved from duty. Subdivision (16) thereof provides that within three years after any case of removal as therein provided the officer or employee so removed may file his request with the chief of police to be reheard or heard on the cause of his removal, and sets forth the procedure to be followed upon the making of such a request. (Section 135, applying to firemen, contains provisions practically identical to section 202.)

the three-year limitation of subdivision (16) thereof was applicable; that, since the Civil Service Commission has no jurisdiction over disciplinary proceedings against firemen and policemen and has no authority to grant a rehearing, it necessarily follows that section 112½ has no application to them. The court held that since the discharged employee had alleged "a wrongful discharge," compliance with section 112½ of the city charter was a prerequisite to the maintenance of an action. The court relied upon the *Varela* case and also referred to *Lorenson* v. *City of Los Angeles,* 41 Cal.2d 334 [260 P.2d 49], in which the Supreme Court held that the provisions of section 112½ did *not* apply since plaintiff therein had not made "the claim which is essential to the applicability of section 112½," stating (41 Cal.2d at 341): "Other charter provisions which the city also urges as requiring reversal of the judgment clearly do not apply. For instance, with respect to section 112½, *plaintiff* has not claimed that he was illegally, wrongfully, or invalidly 'suspended, laid off or discharged.' Rather he has at all times protested his belief, and his right to believe, that the order of the chief of police temporarily relieving him from duty, although unjust and unfounded in ultimate truth, was legal and valid until such time as the board of rights had disposed of the charge against him."

▮ In the instant case, as in *Moreno, Varela* and *Temple,* Heckl claims that his resignation was made under duress and was illegal from the date of said resignation. He, accordingly, places himself squarely within the provisions of section 112½.

▮ While we think the foregoing discussion is a complete answer to all of Heckl's contentions, we further point out that subdivision (16) of section 202 of the city charter is not applicable to the facts of this case. As stated by the court in *Temple* v. *Horrall, supra,* 92 Cal.App.2d 177, 179-180, speaking of subdivision (18) of that section: "Said subdivision is applicable where a police officer is removed pursuant to the provisions of section 202 of the city charter. According to the allegations of the complaint, plaintiff was not removed pursuant to the provisions of section 202 of the charter as the result of charges filed against him, but he was unlawfully discharged because his resignation was obtained by fraud and duress. Hence his remedy, if any, was by following the provisions of section 112½ of the charter."

In answer to Heckl's contention that no purpose would be served by filing the demand for reinstatement with the Civil

Service Commission since it has no jurisdiction to reinstate a discharged member of the police department, the city says that Heckl "overlooks the fact that the demand gives a responsible agency of the city notice of the former employee's contentions in order that such contentions may be passed on to those who may properly take action." The courts in both *Varela* and *Stoker* recognized this lack of jurisdiction in the Board of Civil Service Commissioners, but held nevertheless that compliance with section 112½ was required.[3]

In the case here, Heckl submitted his resignation as a police officer on February 20, 1964, in lieu of facing disciplinary action pursuant to section 202 of the charter. His demand for reinstatement was not filed with the Civil Service Commission until November 15, 1965. We hold, therefore, that his action in the respondent court, which was not commenced until May 31, 1966, was barred by his failure to comply with section 112½ of the charter and by his failure to prosecute his claims with the diligence which the circumstances demanded.

The alternative writ is discharged. Let a writ of prohibition issue requiring the respondent court to desist from any further proceedings in the action now pending before it entitled Frank Heckl v. H. W. Sullivan etc., et al., number 886028, other than to make an order dismissing the action. Petitioner shall recover its costs with respect to this proceeding against Frank Heckl, the real party in interest.

Fourt, Acting P. J., and Lillie, J., concurred.

On November 15, 1966, the judgment was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied December 28, 1966.

---

[3] We assume that because of its own lack of jurisdiction to act on a demand for reinstatement filed with it pursuant to section 112 1/2, the Board of Civil Service Commissioners would immediately transmit such a demand to the board of rights which does have authority to take appropriate action. The fact that the procedure for the transmittal of such a demand from one board to the other is not spelled out in the city charter does not alter the conclusion we have reached. The desirability for spelling out such procedure in the city charter is a matter which should properly be addressed to the city council and not to this court.