[L. A. 18222. In Bank. July 11, 1942.]

MANUEL A. MORENO, Appellant, v. JAMES CAIRNS et al., Respondents.

Joseph K. Coady and Arthur J. Mullen for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Geo. W. Adams and Marvin Chesebro, Deputies City Attorney, for Respondents.

TRAYNOR, J. — Petitioner appeals from a judgment against him entered upon an order sustaining a demurrer, without leave to amend, to his second amended petition for writ of mandate to compel respondents, members of the Board of Fire Commissioners of the City of Los Angeles, to reinstate him to the position of assistant fire chief and to his seniority rights, and to pay the balance on back salary that he claimed due him. The second amended petition alleges that petitioner served in the fire department for forty-two years with an unblemished record, that he was adjudged in excellent health in the last health examination ordered by the board, and that he was summoned before the board and was forced under protest to resign. The circumstances attending this resignation are alleged to be as follows:

## "VI

"That your petitioner has not been unlawfully suspended,

laid off, or discharged from his position as assistant chief of said Fire Department, but on the contrary, your petitioner under duress, misrepresentation, fraud and undue influence, in that he would be deprived of all pension rights, was forced against his will and desire, to resign from his position with said department; that on July 1, 1939, your petitioner, without any notice other than two hours, was summoned before the Board of Fire Commissioners; that at such time your petitioner was told that if he did not then and there, within two hours, resign from his position with the Fire Department, he would be summarily discharged, and that if he was so discharged he would suffer a complete loss of all pension rights; that because of the pressure of duress, misrepresentation, fraud, and undue influence of complete loss of all pension rights, your petitioner did resign under protest; that no just or reasonable cause existed that your petitioner should have been resigned, other than fear of loss of pension rights with which he was threatened; that no charges of any kind were ever preferred against him.

## "VII

"That at the time your petitioner was forced to retire, he was informed that four positions as assistant fire chief were to be eliminated, but the rules of seniority then in force and applicable to petitioner were not applied in the case of your petitioner.

## "VIII

". . . That your petitioner was deprived of his position arbitrarily and summarily, in that the procedure required by section 135 of the City Charter was not followed, but by intimidations, duress and threat of loss of all pension rights, your petitioner, against his will and without advice of counsel, or allowance of time to secure such advice and counsel, was forced under protest to resign."

About a year after his resignation the petitioner filed a petition with the board of fire commissioners for reinstatement to active service and for rehearing of "enforced retirement." The board demurred on the sole ground that the petition did not state a cause of action because the petitioner failed to file with the board, pursuant to section 112½ of the charter of the city of Los Angeles, a written demand for reinstatement within ninety days following the date on

534

which it was claimed that he was first illegally, "laid off, suspended or discharged."

Section 112½ of the charter provides: "Whenever it is claimed by any person that he has been unlawfully suspended, laid off, or discharged, and that such lay off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended, or discharged. Such demand for reinstatement must be filed with the board of civil service commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the city clerk. Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement. Proof of filing the claim for compensation within the time and in the manner herein specified shall be a condition precedent to any recovery of wages or salary claimed to be due on account of said lay off, suspension or discharge."

 The petitioner contends that since his separation from the department was effected by resignation under duress, and not by unlawful suspension, lay off, or discharge, he was not required to present a written demand before filing his petition for a writ of mandate. This contention overlooks the fact that a resignation is characteristically the voluntary surrender of a position by the one resigning made freely and not under duress. (*People* v. *Marsh*, 30 Cal. App. 424 [159 Pac. 191]; *State ex rel. Young* v. *Ladeen*, 104 Minn. 252 [116 N. W. 486, 16 L. R. A. (NS) 1058].) The absence of any reference in section 112½ to resignations is attributable to the fact that they would ordinarily be voluntary and not succeeded by demands for reinstatement, not to an intention to exclude from the limitations of that section demands that follow resignations made under duress. Such resignations are akin to lay offs, suspensions, or discharges by virtue of the element of coercion and bear only a formal resemblance to voluntary resignations. Whenever a person is severed from his employment by coercion the severance is effected not by his own will but by the will of a superior.

A person who is forced to resign is thus in the position of one who is discharged, not of one who exercises his own will to surrender his employment voluntarily. The tacit sense of section 112½ is not that the omission of resignations from the group of involuntary severances is an omission of coerced as well as voluntary resignations, but that coerced resignations fall within the group of involuntary severances.

It is clear from the second amended petition that respondents demanded petitioner's separation from the fire department, that he was given but two hours to choose between formal resignation and summary discharge, and that he could not choose between remaining with the department or leaving it. Respondents' and not petitioner's will effected his separation from the department. There is no allegation that the statements regarding pension rights, elimination of positions, or summary discharge were not true and there is therefore no essential allegation to support a charge of fraud. (See cases cited in 12 Cal. Jur. 800 et seq. and 6 Cal. Jur. Supp. 61.) Fraud is alleged only as a part of the allegations of duress and threatened loss of pension rights. The paragraphs of the second amended petition quoted above make it clear that the petition is based upon allegations of coercion and duress.

Petitioner's emphasis upon the coercion that forced his resignation is prompted by the fact that there can be no reinstatement after a voluntary resignation. (*Kramer* v. *Board of Police Commissioners*, 39 Cal. App. 396 [179 Pac. 216].) By his own allegations his severance from his position was a resignation in name only, and he seeks reinstatement on the ground that it was in effect not a resignation. His failure to comply with the conditions of section 112½ governing demands for reinstatement compels him to advance his involuntary severance of employment as a resignation exempt from those conditions. He cannot escape from the dilemma, however, that the coercion attending his nominal resignation, while affording him a ground for reinstatement, also identifies that resignation as an actual involuntary severance from employment tantamount to an unlawful discharge within the meaning of section 112½ of the city charter. A demand for reinstatement following severance from employment under such circumstances must therefore meet the conditions of that section.

Petitioner argues that if the coerced resignation be

deemed an unlawful discharge the ninety-day period under section 112½ does not commence to run until the board of fire commissioners has complied with section 135 of the city charter providing that an officer or employee cannot be deprived of the right to his position without "good and sufficient cause" and a hearing before a board of rights on charges preferred against him. A discharge in violation of section 135, however, would be an unlawful discharge under section 112½, which by its express terms applies to discharges claimed to be "ineffective for any reason," and the ninety-day period would run from the date of such unlawful discharge.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., and Carter, J., concurred.