[Civ. No. 16887.   Second Dist., Div. Two.   June 3, 1949.]

JOHN D. TEMPLE, Appellant, v. C. B. HORRALL, as Chief of Police, etc., et al., Respondents.

Matot & Seelig and Harry B. Seelig for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and Alan G. Campbell, Deputy City Attorneys, for Respondents.

McCOMB, J.—This is an appeal from a judgment in favor of defendants predicated upon the sustaining of their demurrer without leave to amend to plaintiff's second amended complaint, seeking to have his resignation from the Police Department of the city of Los Angeles cancelled on the ground of fraud and duress. There is also a purported appeal from the order sustaining the demurrer.

## FACTS

It was alleged in the complaint as amended that plaintiff had been a Los Angeles police officer for 17 years prior to October 18, 1947; that on such date he had resigned from the department under the coercion of his superior officer; that thereafter he had demanded that his resignation be cancelled; but that such demand was refused by defendant chief of police. It was also alleged that had he served an additional two and one-half years he would have been able to retire under a pension pursuant to the provisions of the city charter of defendant municipality. The prayer of the complaint as amended asked that plaintiff's resignation be declared of no force or effect and also sought general relief. The complaint was filed on June 3, 1948.

## QUESTION

*Where a former employee of the city of Los Angeles claims that his resignation is not his free and voluntary act, may he maintain an action to rescind it without having filed a demand for reinstatement within the 90-day period provided by section 112½ of the Los Angeles City Charter?*[1]

---

[1]Section 112½ of the City Charter of Los Angeles reads as follows: "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demands for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge, must be filed with the City Clerk. Failure to file such demands for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement. Proof of filing the claim for compensation within the time and in the manner herein specified shall be a condition precedent to any recovery of wages or salary claimed to be due on account of said lay-off, suspension or discharge. Except as herein specified, such claims for compensation shall conform to the requirements of Sections 363, 369, and 376 of this Charter."

This question must be answered in the negative. ██ A charter provision requiring an employee claiming that he has been unlawfully suspended, laid off, or discharged, to file a demand for reinstatement within a specified time as a condition precedent to an action for reinstatement is applicable to resignations obtained under coercion or duress. (*Moreno* v. *Cairns*, 20 Cal.2d 531, 535 et seq. [127 P.2d 914].)

In the cited case plaintiff had been an assistant chief of the Los Angeles Fire Department.[2] The plaintiff claimed that his resignation from the fire department was not his free and voluntary act and he was entitled to cancel that resignation and to be reinstated to his position. He did not allege that he had filed a demand for his reinstatement as required by section 112½ of the charter. The Supreme Court held that if plaintiff's resignation was not free and voluntary, it must have been involuntary and consequently a wrongful removal from office, and that under provisions of section 112½ of the city charter, a demand for reinstatement must be filed within 90 days from the date of the wrongful removal as a condition precedent to an action to compel the employee's reinstatement. There is no essential difference between the facts in *Moreno* v. *Cairns, supra,* and those in the present case. Therefore, since plaintiff did not plead a compliance with section 112½ of the charter, he failed to state a cause of action and the trial court properly sustained defendants' demurrer without leave to amend.

██ Section 202, subdivision 18, of the city charter[3] is not applicable to the facts alleged in the present action. Said subdivision is applicable where a police officer is removed pursuant to the provisions of section 202 of the city charter.[4]

---

[2]The provisions of section 135 of the city charter (Stats. 1935, p. 2341) relating to the dismissal of members of the fire department, are identical with the provisions of section 202 of that charter (Stats. 1935, p. 2347) relating to the discharge of members of the police department.

[3]Section 202, subdivision 18, of the city charter reads:

"This section shall not be construed to in any way affect any other rights any officer or employee may have to pursue or assert any and all other legal rights or remedies in relation to his office or position or to the compensations attached thereto, or to appeal to or be heard or tried by or before any court or other tribunal of competent jurisdiction, whether such court or other tribunal now exists or may be hereafter created or established."

[4]Section 202, subdivision 1, of the city charter reads:

"The right of an officer or employee of the Police Department to hold his office or position and to the compensation attached to such office or position is hereby declared to be a substantial property right

According to the allegations of the complaint, plaintiff was not removed pursuant to the provisions of section 202 of the charter as the result of charges filed against him, but he was unlawfully discharged because his resignation was obtained by fraud and duress. Hence his remedy, if any, was by following the provisions of section 112½ of the charter.

Plaintiff's contention that the rule announced in *Moreno* v. *Cairns, supra,* is not applicable for the reason that the present action is one in equity while the Moreno case was a proceeding in mandamus is without merit because in California there is but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs (Code Civ. Proc., § 307), and where an answer is filed, the court may grant a plaintiff any relief consistent with the case made by the complaint and embraced within the issues. (Code Civ. Proc., § 580.) Applying these rules, it is evident that the ruling in *Moreno* v. *Cairns, supra,* is controlling in the present case.

### Authorities Cited by Plaintiff

*Snyder* v. *City of Alameda,* 58 Cal.App.2d 517 [136 P.2d 857], is not here in point. This case involved the claim of an Alameda fireman who had resigned from his position after 11 years of service, claiming that he was entitled to eleven-fiftieths of his salary as a pension under an Alameda ordinance which provided that a fireman who had served more than 10 years should be entitled to a pension of one-fiftieth of his salary for each year of his service if he was removed "for any cause other than a conviction of a felony; notorious or consecutive insubordination or neglect of duty; or in case of voluntary or involuntary resignation." It was held that a pension should be allowed under the terms of the ordinance.

---

of which he shall not be deprived arbitrarily or summarily, nor otherwise than as herein in this section provided. No officer or employee of the Police Department shall be suspended, removed, deprived of his office or position, or otherwise separated from the service of the Police Department (other than by resignation), except for good and sufficient cause shown upon a finding of 'guilty' of the specific charge or charges assigned as cause or causes therefor after a full, fair and impartial hearing before the Board of Rights (except as otherwise specifically provided in paragraphs two (2) and seven (7) of this section). Such charges must be based upon some act committed or omitted by such officer or employee within one (1) year prior to the filing of the complaint referred to herein. No case or suspension with loss of pay shall be for a period exceeding six (6) months."

*Aitken* v. *Roche,* 48 Cal.App. 753 [192 P. 464], is likewise not applicable. The court there held that an officer continues to be a member of the police department until death, dismissal or resignation, when he thereby forfeits his right to participate in the pension fund.

*Groat* v. *Walkup Drayage etc. Co.,* 14 Cal.App.2d 350 [58 P.2d 200], was merely an action for damages for negligence. It did not involve any question of a policeman's right to a pension after his separation from the police department nor did it involve any of the other questions presented upon this appeal.

In view of our conclusions, it is unnecessary to discuss whether or not the purported cause of action stated in the complaint as amended was barred by laches.

An order sustaining a demurrer is not appealable but is reviewable on an appeal from the judgment. (*Steiner* v. *Darby,* 88 Cal.App.2d 481, 498 [199 P.2d 429].) Hence the purported appeal from the order sustaining the demurrer is dismissed.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1949.