[Civ. No. 20349.   Second Dist., Div. One.   Dec. 20, 1954.]

CHARLES F. STOKER, Appellant, v. FLETCHER BOWRON, as Mayor, etc., et al., Respondents.

George E. Cryer and R. Alston Jones for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, George W. Adams and Walter Carrington, Deputy City Attorneys, for Respondents.

DRAPEAU, J.—By the instant proceeding plaintiff sought a peremptory writ of mandate commanding defendants to reinstate him to the position of sergeant of the Los Angeles Police Department and to compensate him for his services as such.

The petition alleges the employment of plaintiff as a police officer from May 25, 1942, until December 14, 1949, when he was discharged by the chief of police.

In a verified complaint dated July 7, 1949, plaintiff was charged with conduct unbecoming an officer and insubordination. On July 15, a board of rights was convened pursuant to section 202, article XIX of the charter of the city of Los Angeles. On December 12th, said board found plaintiff guilty as charged. On December 14, 1949, the chief of police ordered plaintiff removed from his position with total loss of pay from the date of the complaint.

Pursuant to subdivision 16, section 202, *supra,* plaintiff on March 23, 1951, filed with the chief of police his request for a rehearing. This was denied April 19, 1951.

The instant petition, filed on December 12, 1952, further alleges that the action of the board of rights and the chief of police ''was and is arbitrary, capricious, wrongful, unlawful and not supported by the evidence.''

Defendants demurred to the petition on the ground it was barred by laches. And argued in support thereof ''that petitioner has failed to allege compliance with the requirements of section 112½ of the Los Angeles City Charter.''

Plaintiff appeals from the judgment of dismissal and from the order sustaining defendants' demurrer without leave to amend.

Appellant states the question for decision here as follows: Must section 112½ be read into section 202 as a part of the procedure for removal of appellant from his position in the police department?

Section 112½ of article IX of the charter of the city of Los Angeles (Stats. 1937, p. 2858) provides in part as follows:

''Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such

lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the City Clerk. Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement.''

The instant proceeding was initiated by appellant upon the theory that the charter provides two separate and distinct methods of prosecuting charges of misconduct against employees in the classified service of the city. Under the first method, the employee is entitled to a hearing before the civil service commission as provided in section 112 of the charter. This section applies to all employees except firemen and policemen.

The second method is set forth in section 135 of the charter (applying to firemen), and in section 202, applying to policemen. These two sections which are practically identical, provide a complete procedure for trial and punishment by a Board of Rights, consisting of higher officers in the department chosen for the purpose of trying the charges against accused. When a police officer is discharged under the provisions of section 202, he may at any time within three years thereafter apply to the chief of police for a hearing under the provisions of subsection (16). From the foregoing, appellant asserts that since the civil service commission has no jurisdiction over disciplinary proceedings against firemen and policemen, and has no authority to grant a rehearing, it necessarily follows that section 112½ has no application to them.

In *Varela* v. *Board of Police Comrs.*, 107 Cal.App.2d 816, 820 [238 P.2d 62], it was asserted that appellant Varela could not maintain a proceeding in mandamus to compel his reinstatement as sergeant in the Los Angeles police force, ''without having first made a demand upon the Board of Civil Service Commissioners for reinstatement, which he failed to

do within the time prescribed by section 112½ of the city charter.''

The court there stated: ''Appellant tacitly admits that he was required to file a demand for reinstatement as required by section 112½. It was so held in *Moreno* v. *Cairns*, 20 Cal. 2d 531 [127 P.2d 914], *supra*, a case which involved a fireman who claimed his resignation had been obtained unlawfully. Following that decision, we hold that compliance with section 112½ was a prerequisite to the maintenance of the present action, although the Board of Civil Service Commissioners has no jurisdiction to reinstate or refuse to reinstate a member of the police or fire departments who has been suspended or discharged. . . .

''It is true that section 202 does not provide for the trial of the question whether one who has resigned under duress should be reinstated, but the board (Board of Rights) nevertheless has that power. It is the only body authorized to remove a member of the police force or to otherwise separate him from the service. Either the authority must be implied or it does not exist in any officer or body. There is an express provision in section 112 which deprives the Civil Service Commission of all authority with respect to the removal or reinstatement of members of the police and fire departments. . . .

''We hold, therefore, that appellant's action was barred by his failure to comply with section 112½ of the charter under the facts alleged, which facts clearly establish a failure upon his part to prosecute his claims with the diligence which the circumstances demanded. The demurrer of respondents was properly sustained without leave to amend.''

See also *Lorenson* v. *City of Los Angeles*, 41 Cal.2d 334, 341 [260 P.2d 49], an action for balance of salary due police officer while temporarily relieved from duty. In the course of its opinion, the Supreme Court stated:

''Other charter provisions which the city also urges as requiring reversal of the judgment clearly do not apply. For instance, with respect to section 112½, *plaintiff* has not claimed that he was illegally, wrongfully or invalidly 'suspended, laid off or discharged.' Rather he has at all times protested his belief, and his right to believe, that the order of the chief of police temporarily relieving him from duty, although unjust and unfounded in ultimate truth, was legal and valid until such time as the board of rights had disposed of the charge against him. It has been defendant city which

has attempted to claim—and this only since dismissal of the charge by the board of rights—that the relief from duty was illegal and wholly void from the time it was ordered, a claim which, for the reasons already discussed hereinabove, the city is estopped to make. Since plaintiff has not made the claim which is essential to the applicability of section 112½ we do not reach the question as to whether being temporarily 'relieved from duty' under section 202 is encompassed within the expression 'suspended, laid off or discharged' as the latter terms are used in section 112½.'' (Emphasis included.)

Here appellant alleged a wrongful discharge. In the circumstances presented by the record, compliance with said section 112½ of the city charter was a prerequisite to the maintenance of the instant action.

The appeal from the order sustaining respondent's demurrer without leave to amend is dismissed. Such order is not appealable, but may be reviewed on appeal from the judgment. (*Steiner* v. *Darby,* 88 Cal.App.2d 481, 498 [199 P.2d 429].)

The judgment of dismissal is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1955.