[L.A. No. 30048. In Bank. Jan. 26, 1973.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROY L. BURNS, Real Party in Interest.

724

## COUNSEL

Roger Arnebergh, City Attorney, John A. Daly and Jack L. Wells, Assistant City Attorneys, and John B. Rice, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Milton L. Most and Stanley Sapiro for Real Party in Interest.

## OPINION

**SULLIVAN, J.**—Petitioner, the City of Los Angeles (City) seeks a writ of prohibition restraining respondent superior court from taking further action in a mandamus proceeding pending therein.

The facts in brief are as follows. On January 4, 1971, real party in interest Roy L. Burns (Burns), a police officer of the City, was discharged from the police department after a hearing before a board of rights as provided by section 202[1] of the Charter of the City of Los Angeles. On

[1]Section 202 provides in part: "(1) The right of an officer or employee of the Police Department to hold his office or position and to the compensation attached to such office or position is hereby declared to be a substantial property right of which he shall not be deprived arbitrarily or summarily, nor otherwise than as herein in this section provided. No officer or employee of the Police Department shall be suspended, removed, deprived of his office or position, or otherwise separated from the service of the Police Department (other than by resignation), except for good and sufficient cause shown upon a finding of 'guilty' of the specific charge or charges assigned as cause or causes therefor after a full, fair and impartial hearing before the Board of Rights (except as otherwise specifically provided in paragraphs two (2) and seven (7) of this section). Such charges must be based upon some act committed or omitted by such officer or employee within one (1) year prior to the filing of the complaint referred to herein. No case of suspension with loss of pay shall be for a period exceeding six (6) months.

"(2) Provided, however, that the Chief of Police may:

"(a) Temporarily relieve from duty any officer or employee of the Police Department pending a hearing before and decision by the Board of Rights of any charge or charges pending against such officer or employee; or he may

"(b) Suspend such officer or employee for a total period not to exceed thirty (30) days with loss of pay and with or without reprimand, subject, however, to the right of such officer or employee to a hearing before a Board of Rights. In the event the officer or employee suspended under this subparagraph files his application with the Chief of Police . . . for a hearing before and decision by a Board of Rights in the manner in this section provided, such suspension shall thereupon automatically become a temporary relief from duty pending hearing and decision by the Board of Rights. In the event, however, that such officer or employee so suspended under subparagraph (b) of paragraph two (2) hereof, fails to so apply for such hear-

March 21, 1972, Burns commenced against the City and Edward M. Davis, its chief of police, the underlying special proceeding for a writ of mandate commanding them to reinstate him in the position from which he had been discharged.

The City and the chief of police moved for a summary judgment on the ground that Burns had failed to exhaust his administrative remedies in that prior to seeking judicial relief, he had not filed a demand for reinstatement or a claim for compensation as required by section 112½ of the charter. Burns opposed the motion. He did not deny that he had failed to comply with section 112½ but contended that the section did not bar his action for the following reasons: (1) that section 112½ does not apply to police officers under any circumstances; (2) that if it is deemed to have *some* application to police officers, then it applies to officers who *resign* from the department, and not to officers who are *discharged* from the department after a board of rights hearing as provided in section 202; and (3) that in any event the City and the chief of police were estopped to assert Burns' noncompliance with section 112½ as a bar since they had led him to believe that section 202 set forth "the whole of his rights" and "constituted the sole method of seeking a rehearing after discharge by the Police Department."[2] The trial court denied the motion. The City thereupon filed the instant petition for a writ of prohibition.

■ As we said in *City of Los Angeles* v. *Superior Court* (1959) 51 Cal.2d 423, 429 [333 P.2d 745]: "The writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy, and adequate remedy in the ordinary course of the law and when

---

ing . . . he shall be deemed to have waived such hearing and such suspension shall remain effective, unless the Chief of Police require that a hearing be had, as hereinafter provided.

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(7) In the event the accused fails, in any case, to request a hearing before a Board of Rights . . . the Chief of Police may require a hearing to be had before a Board of Rights . . . . Provided, however, that in any case where such Board of Rights has been constituted . . . and the accused, without reasonable excuse, fails, neglects or refuses to appear . . . the Chief of Police may, at his discretion, either direct the Board of Rights to proceed . . . in the absence of such accused, or he may, without such hearing, impose such penalty of suspension or removal as he deems fit and proper . . . and, provided further, . . . in the event the accused and Chief of Police both fail to draw and create such Board of Rights . . . in any case of temporary relief from duty pending hearings, then and in that event such temporary relief from duty shall be null and void . . . ."

Hereafter, unless otherwise indicated, all section references are to the city charter.

[2] In his declaration in opposition to the motion for summary judgment, Burns stated that he had been served with a "Complaint and Relief from Duty or Suspension" on the reverse side of which section 202 of the charter was set forth in full.

the proceedings of the court are without or in excess of its jurisdiction. [Citation.] The absence of another adequate remedy was determined by this court when we granted an alternative writ. [Citations.]" (See also *City and County of S.F.* v. *Superior Court* (1959) 53 Cal.2d 236, 240 [1 Cal. Rptr. 158, 347 P.2d 294].) The ultimate question which we face is whether in view of Burns' undisputed noncompliance with section 112½, respondent superior court will act in excess of its jurisdiction by proceeding with the mandamus action now pending before it.

We consider first the contention made by Burns that section 112½ does not apply to police officers under any circumstances. He states that since subdivision (b) of section 112 expressly excludes police officers from the application of the provisions in subdivision (a) of section 112, it also, by implication, excludes them from the application of section 112½. It is urged that not only is the procedure for removal, suspension, or discharge of police officers distinct from the termination of other civil service employees, but that the procedure for a rehearing is wholly separate. In addition, Burns argues, there is no logical reason to require that a demand for reinstatement be filed with the board of civil service commissioners under section 112½ when a policeman's right of reinstatement is *not* determined by the *commissioners* but by a *board of rights* under section 202.

At the outset we note that section 112 and 112½ are found in article IX of the charter entitled "Civil Service"; section 202 is found in article XIX of the charter entitled "Police Department." Subdivision (a) of section 112, applicable to all civil service employees except firemen and policemen, provides in pertinent part: "Any board or officer having the power of appointment of officers, members and employees in any department of the government of the city shall have the power to remove, discharge or suspend any officer, member or employee of such department . . . ." Generally speaking such action is subject to review and final disposition by the board of civil service commissioners which "shall proceed to investigate the grounds for such removal, discharge or suspension." Subdivision (b)[3] of the same section expressly excludes police officers from the procedure for removal, discharge or suspension stated in subdivision (a). Instead, the procedure for termination or suspension of police officers is established by section 202.[4]

---

[3]Subdivision (b) provides in pertinent part: "The provisions of this section [112] shall not apply to those members of the Police Department appointed under civil service rules and regulations and sworn in to perform the duties of regular police officers . . . ."

[4]See footnote 1, *ante.*

Section 112½ provides in part: "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such layoff, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the City Clerk. *Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement.*" (Italics added.)

Not only does section 112½ require, by its terms, the filing of a demand for reinstatement with the board of civil service commissioners as a condition precedent to judicial action, but it has also been construed to provide a basis for a rehearing. In *Steen* v. *Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 722 [160 P.2d 816], involving a discharged employee of the City's department of water and power, this court said that "[r]ead as a whole it [section 112½] is concerned with fixing a time limit and formalities necessary as a basis for court action, presupposing that the procedure before the board has been followed. The demand may be somewhat analogous to the requirement of a petition for a rehearing addressed to the board. The board is given an additional opportunity to pass upon the issue before resort is had to the courts." (See also *Tennant* v. *Civil Service Com.* (1946) 77 Cal.App.2d 489, 496 [175 P.2d 568].)

Similarly, section 202, subdivision (16) provides for a rehearing in any case of removal of a police officer after a board of rights hearing under section 202. Subdivision (16) states in part, "At any time within three (3) years after any case of removal as hereinabove provided, the officer or employee so removed may file his request with the Chief of Police to be reheard or to be heard on the cause of his removal . . . . If good reason or cause appears therefor, the Chief of Police must, without unnecessary delay, cause a Board of Rights to be constituted . . . for the purpose of hearing and deciding upon the matter."

In summary, a police officer is removed by a board of rights convened under section 202. A rehearing is provided by subdivision (16) of the same section. Other civil service employees (except firemen) are removed by the board of civil service commissioners under section 112, subdivision (a) of the charter. A rehearing is provided by section 112½.

However, even though the procedure for removal of a police officer may be wholly distinct from similar action taken against civil service employees generally, it does not necessarily follow that section 112½ is entirely inapplicable to police officers with respect to its requirement for filing a demand for reinstatement prior to seeking judicial relief.

In *Moreno* v. *Cairns* (1942) 20 Cal.2d 531 [127 P.2d 914], this court considered the question whether section 112½ is a bar to judicial action by a fireman[5] employed by the City of Los Angeles. There, a fireman who sought reinstatement of his position alleging that he had resigned under "duress," failed to file a demand for reinstatement as required by section 112½. We held that the allegation of an involuntary resignation was "tantamount to an unlawful discharge within the meaning of section 112½ of the city charter," (20 Cal.2d at p. 535) and that the failure of the fireman to comply with section 112½ was a bar to judicial action.

Thus, *Moreno* illustrates that section 112½, while applicable to the general class of civil service employees mentioned in subdivision (a) of section 112, is also applicable to *some* employees—namely members of the police and fire departments who are excluded from the application of section 112 (see § 112, subd. (b); see fn. 5, *ante*). Cases following the decision of this court in *Moreno* have also held that section 112½ is applicable to police officers claiming a coerced resignation. (See, e.g., *McLeod* v. *City of Los Angeles* (1967) 256 Cal.App.2d 693 [64 Cal.Rptr. 394]; *City of Los Angeles* v. *Superior Court (Heckl)* (1966) 246 Cal.App. 2d 73 [54 Cal.Rptr. 442]; *Varela* v. *Board of Police Commissioners* (1951) 107 Cal.App.2d 816 [238 P.2d 62]; and *Temple* v. *Horrall* (1949) 92 Cal.App.2d 177 [206 P.2d 909].)

It appears then, contrary to Burns' first contention, that section 112½ is applicable to some members of the police department.

This brings us to Burns' second contention and to the core of his position in this proceeding. He argues that even if section 112½ is applicable to police officers who claim a coerced or involuntary resignation, it is not applicable to police officers who have been discharged after a hearing before the board of rights as provided by section 202. Since section 202 provides for a hearing (subd. (1)) on the cause of removal as well as a rehearing (subd. (16)), Burns maintains that it is "pointless to require

---

[5] Firemen, as well as policemen, are exempted by subdivision (b) of section 112 from the provisions of subdivision (a) of the same section. The procedure for removal of firemen is stated in section 135 of the charter in language nearly identical to that stated in section 202.

police officers" to seek further administrative review under section 112½ of the charter.

We observe that each of the cases holding that police officers must comply with section 112½ prior to seeking judicial relief, except one, involved the claim of a coerced resignation where no section 202 hearing occurred. (See *Moreno* v. *Cairns, supra,* 20 Cal.2d 531; *McLeod* v. *City of Los Angeles, supra,* 256 Cal.App.2d 693; *City of Los Angeles* v. *Superior Court (Heckl) supra,* 246 Cal.App.2d 73; *Varela* v. *Board of Police Commissioners, supra,* 107 Cal.App.2d 816; *Temple* v. *Horrall, supra,* 92 Cal.App.2d 177.) The exception is *Stoker* v. *Bowron* (1954) 129 Cal.App. 2d 671 [277 P.2d 439], which held that a police officer must file a demand for reinstatement even after his discharge pursuant to a board of rights hearing under section 202.

The distinction advanced by Burns was made in *Temple* v. *Horrall, supra,* 92 Cal.App.2d 177, a resignation case. There, plaintiff, a police officer, asserted that his failure to file a demand for reinstatement in compliance with section 112½ was not a bar because of the provisions in section 202, subdivision (18).[6] In other words, in *Temple,* the plaintiff contended in effect that his rights were to be determined solely by section 202 of the charter. Distinguishing between a situation where a police officer seeks judicial relief after an alleged coerced resignation and a situation where judicial relief is sought after a board of rights hearing, the *Temple* court stated (at pp. 179-180), "Section 202, subdivision 18, of the city charter is not applicable to the facts alleged in the present action. Said subdivision is applicable where a police officer is removed pursuant to the provisions of section 202 of the city charter. According to the allegations of the complaint, plaintiff was not removed pursuant to the provisions of section 202 of the charter as the result of charges filed against him, but he was unlawfully discharged because his resignation was obtained by fraud and duress. Hence his remedy, if any, was by following the provisions of section 112½ of the charter." (Fns. omitted.) As we read *Temple,* therefore, it holds that although a resigned police officer must comply with section 112½ prior to seeking judicial relief, an officer who is discharged pursuant to a section 202 hearing need not comply.

We conclude that the distinction made in *Temple* between a resigned

---

[6]Subdivision (18) states, "This section shall not be construed to in any way affect any other rights any officer or employee may have to pursue or assert any and all other legal rights or remedies in relation to his office or position or to the compensations attached thereto, or to appeal to or be heard or tried by or before any court or other tribunal of competent jurisdiction, whether such court or other tribunal now exists or may be hereafter created or established."

officer and a discharged officer is apparent not only in the language in section 202 itself, but also is supported by a comparison of the purposes to be served by it and section 112½.

Section 202, subdivision (1), declares that the right of a police officer to hold his position is a "substantial property right of which he shall not be deprived" except as provided in section 202 of the charter (see fn. 1, *ante*). This subdivision, we believe, supports the conclusion that the procedure for removal of a police officer contained in section 202, once invoked, provides the exclusive administrative procedure for removal, including its provisions for a hearing and a rehearing. At the same time, we recognize that subdivision (18) states that section 202 "shall not be construed in any way to effect . . . other legal rights or remedies" an officer may have. However, section 112½ does not provide an additional legal remedy to Burns since the board of civil service commissioners has no jurisdiction to consider a petition for reinstatement (i.e., a rehearing) submitted by a police officer who has been discharged after a board of rights hearing. (See *City of Los Angeles* v. *Superior Court (Heckl) supra,* 246 Cal.App.2d 73, 80.) Instead, his right for a rehearing is available under section 202, subdivision (16) of the charter.

In addition, an examination of the purposes served by section 202 and by section 112½ will show, as to Burns, that the latter section is superfluous. ■ The purposes of section 112½ are twofold: (1) to insure administrative review of the cause of removal, implied in *Moreno* v. *Cairns, supra,* 20 Cal.2d 531, and implied in the section itself where it states that proof of filing a demand for reinstatement is a condition precedent to judicial action; and (2) to provide for a rehearing (*Steen* v. *Board of Civil Service Commrs., supra,* 26 Cal.2d 716, 722). The first purpose, to insure administrative review, was met when the cause of Burns' removal was heard by a board of rights, as provided by section 202. Further, any rehearing on the issue of his removal would be sought under subdivision (16) of the same section.[7] It appears, therefore, that the purposes of section 112½ are fulfilled whenever the procedure for removal of a police officer is invoked under section 202. To impose section 112½ as an additional requirement would be merely duplicative.

We note that *City of Los Angeles* v. *Superior Court (Heckl) supra,* 246 Cal.App.2d 73, a resignation case, suggested a different scope for the

---

[7]The record does not establish whether or not Burns requested a rehearing under subdivision (16). However, we note that unlike section 112½, subdivision (16) is merely permissive (see text, *supra*); that is, it does not require a request for a rehearing as a condition precedent to judicial action.

application of section 112½. The *Heckl* court stated (at p. 78) that the "applicability of section 112½ does not depend upon the method of prosecuting charges against an employee but, rather, upon the nature of the claim made by the employee after his discharge. The crucial holding of these cases [*Moreno, Varela,* and *Temple*] is that section 112½ applies to any civil service employee, including a policeman and a fireman, who claims that he has been unlawfully suspended, laid off or discharged." However, the scope of section 112½ is narrower than the *Heckl* court suggests; its application, as we have explained, is limited by the language of subdivision (1) of section 202, which provides the exclusive remedy for removal of a police officer. Moreover, its nonapplicability is apparent, as we have demonstrated, by a comparison of the purposes served by sections 112½ and 202.

■ We conclude, therefore, that section 112½ has no application to a member of the police department who, like Burns, has been "suspended, removed, deprived of his office or position, or otherwise separated from the service of the Police Department (other than by resignation)" after a hearing before the board of rights pursuant to section 202. Under the facts of this case section 112½ did not apply to Burns and he was not bound to comply with it. To the extent that they are inconsistent with our views expressed herein, *Stoker* v. *Bowron, supra,* 129 Cal.App.2d 671 and *City of Los Angeles* v. *Superior Court (Heckl), supra,* 246 Cal.App.2d 73 are disapproved.

Since section 112½ affords no basis for a bar to the mandamus proceeding pending below, respondent superior court will not act in excess of its jurisdiction by further proceedings. We conclude that the petition for a writ of prohibition should be denied.

In view of this conclusion, we need not consider Burns' contention that the City and the chief of police were estopped to assert section 112½ as a defense.

The alternative writ of prohibition is discharged and the petition for the peremptory writ is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Burke, J., concurred.