118 Cal.Rptr.2d 286 (2002)
97 Cal.App.4th 312
Steve SCHIFANDO, Plaintiff and Appellant,
v.
CITY OF LOS ANGELES, Defendant and Respondent.
No. B142999.
Court of Appeal, Second District, Division Three.
March 29, 2002.
Review Granted July 10, 2002.
*287 Law Offices of Robert M. Ball, Robert M. Ball and Loyst P. Fletcher for Plaintiff and Appellant.
*288 James K. Hahn, City Attorney, Leslie E. Brown, Assistant City Attorney, and Marie McTeague, Deputy City Attorney, for Defendant and Respondent.
KITCHING, J.
We address an issue in this case that the California Supreme Court has identified but has not decided. The issue is whether a city employee must exhaust both the administrative remedy provided by the California Fair Employment and Housing Act (FEHA) (Gov.Code, § 12900 et seq.) and an administrative remedy provided by the city charter. We conclude consistent with the purposes of the exhaustion of administrative remedies requirement that a city employee must exhaust both administrative remedies before filing suit.
Plaintiff Steve Schifando appeals the dismissal of his complaint against defendant City of Los Angeles after the court sustained without leave to amend the city's demurrer to his complaint. The complaint alleges a single count for employment discrimination based on physical disability under FEHA. Schifando contends (1) the complaint adequately alleges exhaustion of the administrative remedy provided by FEHA; (2) any pleading defect can be corrected, so the court abused its discretion by sustaining the demurrer without leave to amend; and (3) he need not exhaust the administrative remedy provided by the city charter. We affirm the judgment based on his failure to exhaust the administrative remedy provided by the city charter.

FACTUAL AND PROCEDURAL BACKGROUND

1. Schifando's Resignation

The complaint alleges as follows.
Schifando worked for the city's Parks and Recreation Department as a Storekeeper II. He suffered from severe hypertension that caused him to be dizzy and lightheaded in stressful situations and affected his major life functions. He informed two supervisors of his condition.
He met with the two supervisors in August 1998 to discuss his objections to recent changes in his job responsibilities. They argued with him with the intention of causing him to "blow his top" due to his medical condition. He began to sweat profusely during the meeting, his face turned red, his chest felt constricted, and he had difficulty breathing. Finally he exclaimed "I can't take it anymore, I quit." The supervisors asked him to "put it in writing" and provided a piece of paper, on which Schifando wrote "I quit."
The supervisors then left and returned with a blank Notice of Vacancy and/or Request for Certification form. They did not complete the form or explain it to him, but asked him to sign it. He complied in order to avoid more of what he believed to be a dangerous confrontation, and due to his diminished decisionmaking capability.
Schifando soon reconciled with one of the supervisors, but the other supervisor processed the signed form, which Schifando then learned was a resignation form. Although the complaint does not specifically so allege, it implies that the city terminated his employment based on the signed resignation form.

2. The Complaint

Schifando sued the city in November 1999 alleging one count under FEHA for employment discrimination based on physical disability, arising from the alleged forced resignation. The complaint also alleges that he received a right-to-sue letter from the Department of Fair Employment and Housing (DFEH) in June 1999, attaches a copy of the letter, and alleges that the complaint was filed within the time allowed after the right-to-sue letter.

3. The City's Demurrer

The city demurred on the grounds that the complaint does not allege sufficient facts to establish that Schifando was disabled *289 or that he was able to perform the essential functions of his job either with or without reasonable accommodations, and that it does not allege that he filed an administrative complaint with the DFEH by August 1999 as required by statute (Gov.Code, § 12960) or describe the specific allegations of the administrative complaint, among other grounds.
The court heard argument by the city, concluded that the complaint did not allege that Schifando had filed an administrative complaint with the DFEH or that he had filed an administrative complaint within one year after the incident, sustained the demurrer without leave to amend on that basis, and dismissed the complaint.

CONTENTIONS
Schifando's opening brief contends (1) the complaint adequately alleges exhaustion of the administrative remedy provided by FEHA; and (2) because amendment can correct any defect, the court abused its discretion by sustaining the demurrer without leave to amend. His reply brief contends (3) he need not exhaust the administrative remedy provided by the city charter because the exhaustion requirement in a FEHA action is limited to the FEHA administrative remedy.
The city contends the complaint is defective because (1) it does not adequately allege that Schifando was physically disabled, that he was able to perform the essential functions of his job even with reasonable accommodations, or that he suffered an adverse employment action as a result of his disability; and (2) it does not allege the date that he filed his administrative complaint or describe the contents of the administrative complaint. Most important, the city contends (3) Schifando's complaint does not allege, and Schifando cannot properly allege, exhaustion of the administrative remedy provided by the former city charter.

DISCUSSION

1. Standard of Review

On appeal from a judgment dismissing a complaint after a demurrer is sustained without leave to amend, we assume the truth of the properly pleaded factual allegations of the complaint, facts that can be inferred from those expressly pleaded, and facts of which judicial notice may be taken, and determine de novo whether the complaint alleges facts sufficient to state a cause of action on any legal theory. (Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58; Shaolian v. Safeco Ins. Co. (1999) 71 Cal. App.4th 268, 271, 83 Cal.Rptr.2d 702.) It is an abuse of discretion to sustain a demurrer if there is a reasonable possibility that the defect can be cured by amendment. (Blank, at p. 318, 216 Cal.Rptr. 718, 703 P.2d 58.) The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. (Ibid.)
Although our review is de novo, we ordinarily will not consider potential legal theories available, possible amendments to the complaint, or other grounds for error unless the appellant has briefed those issues and affirmatively demonstrated trial court error. (Mead v. Sanwa Bank California (1998) 61 Cal.App.4th 561, 564, 71 Cal.Rptr.2d 625; Ellenberger v. Espinosa (1994) 30 Cal.App.4th 943, 948, 36 Cal. Rptr.2d 360; cf. Reyes v. Kosha (1998) 65 Cal.App.4th 451, 466, fn. 6, 76 Cal.Rptr.2d 457.)
Schifando does not seek to amend the complaint to allege that he exhausted the remedy provided by the city charter, and he raises no issue concerning the procedural posture in which the exhaustion issue arises. Since he addresses the exhaustion issue and acknowledges that he has not exhausted the administrative remedy provided by the city charter, we will decide whether he was required to do so.

*290 2. Exhaustion of Administrative Remedies

A claimant must exhaust the administrative remedies available before resorting to the courts. This fundamental rule of procedure binds all courts. (Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 293, 109 P.2d 942.) The exhaustion requirement applies to statutory administrative remedies and also to internal grievance procedures of public and private organizations. (Westlake Community Hosp. v. Superior Court (1976) 17 Cal.3d 465, 474-477, 131 Cal.Rptr. 90, 551 P.2d 410; Moreno v. Cairns (1942) 20 Cal.2d 531, 535, 127 P.2d 914; City of Los Angeles v. Superior Court (Heckl) (1966) 246 Cal.App.2d 73, 75-76, 54 Cal.Rptr. 442, disapproved on another ground in City of Los Angeles v. Superior Court (Burns) (1973) 8 Cal.3d 723, 732, 106 Cal.Rptr. 15, 505 P.2d 207; see Rojo v. Kliger (1990) 52 Cal.3d 65, 86, 276 Cal.Rptr. 130, 801 P.2d 373.)
Allowing the administrative agency or organization an opportunity to redress the alleged wrong without interference by the courts may make litigation unnecessary and relieve the courts of an unnecessary burden. (Sierra Club v. San Joaquin Local Agency Formation Com. (1999) 21 Cal.4th 489, 501, 87 Cal.Rptr.2d 702, 981 P.2d 543.) Even if the claimant does not obtain complete relief, the claimant may obtain partial relief and reduce the likelihood and scope of litigation. (See ibid.; Westlake Community Hosp. v. Superior Court, supra, 17 Cal.3d at p. 476, 131 Cal.Rptr. 90, 551 P.2d 410.) An administrative remedy ordinarily provides a more economical and less formal forum to resolve disputes and provides an opportunity to mitigate damages. (Rojo v. Kliger, supra, 52 Cal.3d at p. 83, 276 Cal.Rptr. 130, 801 P.2d 373.) The exhaustion requirement also promotes the development of a more complete factual record and allows the agency to apply its expertise, both of which assist later judicial review if necessary. (Sierra Club, at p. 501, 87 Cal.Rptr.2d 702, 981 P.2d 543; Westlake, at p. 476, 131 Cal.Rptr. 90, 551 P.2d 410.) All of these factors both promote judicial economy and afford due respect to the administrative or organizational dispute resolution process.
The failure to exhaust administrative remedies may be excused if the administrative remedy is inadequate or if pursuit of the remedy would be futile or would cause irreparable injury. (See, e.g., County of San Diego v. State of California (1997) 15 Cal.4th 68, 89, 61 Cal.Rptr.2d 134, 931 P.2d 312; Glendale City Employees' Assn., Inc. v. City of Glendale (1975) 15 Cal.3d 328, 342, 124 Cal.Rptr. 513, 540 P.2d 609; Department of Personnel Administration v. Superior Court (1992) 5 Cal.App.4th 155, 170-171, 6 Cal.Rptr.2d 714.) Schifando does not contend any of these exceptions to the exhaustion requirement applies here. Absent an established exception, a court cannot excuse the failure to exhaust an administrative remedy and has no authority to act. (Abelleira v. District Court of Appeal, supra, 17 Cal.2d at p. 293, 109 P.2d 942; County of Contra Costa v. State of California (1986) 177 Cal.App.3d 62, 73, 222 Cal.Rptr. 750.)
An employee alleging a FEHA cause of action must exhaust the administrative remedy provided by FEHA before filing a complaint in court. (Romano v. Rockwell Internal, Inc. (1996) 14 Cal.4th 479, 492, 59 Cal.Rptr.2d 20, 926 P.2d 1114; Rojo v. Kliger, supra, 52 Cal.3d at p. 83, 276 Cal.Rptr. 130, 801 P.2d 373.) This entails filing a complaint with the DFEH and obtaining a right-to-sue letter from the department. (Gov.Code, §§ 12960, 12965, subd. (b); Romano, at p. 492, 59 Cal.Rptr.2d 20, 926 P.2d 1114; Rojo, at p. 83, 276 Cal.Rptr. 130, 801 P.2d 373.)
An employee alleging a cause of action for wrongful discharge against a *291 public entity that provides an internal grievance procedure for wrongful discharge claims must exhaust the administrative remedy provided by the public entity before filing a complaint in court. Several cases involving former Los Angeles City Charter section 112½ (section 11256), the provision here at issue, have so held. (Moreno v. Cairns, supra, 20 Cal.2d at p. 535, 127 P.2d 914; City of Los Angeles v. Superior Court (Heckl), supra, 246 Cal. App.2d at pp. 75-76, 54 Cal.Rptr. 442; Temple v. Horrall (1949) 92 Cal.App.2d 177, 179, 206 P.2d 909; Tennant v. Civil Service Com. (1946) 77 Cal.App.2d 489, 497, 175 P.2d 568; see Steen v. Board of Civil Service Commrs. (1945) 26 Cal.2d 716, 721, 160 P.2d 816.)
Section 112½ states that any person who claims that he was unlawfully suspended, laid off, or discharged must file a demand for reinstatement with the Board of Civil Service Commissioners and a claim for compensation with the City Clerk within 90 days after the adverse employment action. Section 112)6 states further that filing a claim for compensation is a condition precedent to any recovery of wages or salary, and that failure to file a demand for compensation bars any action to compel reinstatement.[1] A forced resignation or constructive discharge is a discharge within the meaning of section 112½. (Moreno v. Cairns, supra, 20 Cal.2d at pp. 534-535,127 P.2d 914; City of Los Angeles v. Superior Court (Heckl), supra, 246 Cal. App.2d at p. 79, 54 Cal.Rptr. 442; see City of Los Angeles v. Superior Court (Burns), supra, 8 Cal.3d at p. 729, 106 Cal.Rptr. 15, 505 P.2d 207.) If the city rejects the claim or fails to act on the claim within 90 days, the claimant can sue in court at that time. (Former L.A. City Charter, §§ 363, 376.)
The precise question here at issue is whether a Los Angeles city employee alleging a FEHA cause of action must exhaust both the FEHA administrative remedy and the remedy provided by the city charter before suing in court. We find that the exhaustion of either administrative remedy would promote judicial economy and afford due respect to the administrative agency. Moreover, the pursuit of both administrative remedies ordinarily would not prejudice or unduly burden the city employee. We therefore conclude that a city employee must exhaust both administrative remedies.
A city employee can pursue the administrative remedies provided by FEHA and the city charter simultaneously. The remedies do not conflict with each other, and pursuit of one would not undermine or impair pursuit of the other. Each requires filing a claim or claims with an administrative agency, and the pursuit of both is not an undue burden, particularly when either remedy could provide complete or partial *292 relief, obviate the need for litigation or reduce the scope of litigation, develop a more complete factual record, and draw upon agency expertise. In these circumstances, the pursuit of two administrative remedies, each of which independently offers advantages, increases the potential for judicial economy and other benefits.
The pursuit of separate administrative remedies may result in inconsistent administrative findings or adjudications, however. We will not opine as to how to resolve such a conflict should it occur, but conclude that in the absence of a showing to the contrary, the possibility of conflict does not outweigh the benefits of requiring exhaustion of both administrative remedies.

3. Prior Cases

The Courts of Appeal in Watson v. Department of Rehabilitation (1989) 212 Cal. App.3d 1271, 261 Cal.Rptr. 204 and Ruiz v. Department of Corrections (2000) 77 Cal. App.4th 891, 92 Cal.Rptr.2d 139 reached a contrary conclusion.
Watson v. Department of Rehabilitation, supra, 212 Cal.App.3d at page 1284, 261 Cal.Rptr. 204 held that a plaintiff alleging a FEHA cause of action need not exhaust her state civil service administrative remedies. The court stated that the plaintiff could choose between her FEHA and civil service administrative remedies and need not pursue both, citing State Personnel Bal. v. Fair Employment & Housing Com. (1985) 39 Cal.3d 422, 429, 431, 217 Cal.Rptr. 16, 703 P.2d 354, and characterized the defendant's exhaustion argument as frivolous. (Watson, at pp. 1284-1285, 261 Cal.Rptr. 204.) The California Supreme Court in State Personnel Bd., however, held that FEHA coverage extends to state employees and that the State Personnel Board does not have exclusive jurisdiction to adjudicate administrative claims by state civil service employees. (State Personnel Bd., at pp. 431, 435, 217 Cal.Rptr. 16, 703 P.2d 354.) The plurality opinion stated that FEHA supplements, does not supplant, and is not supplanted by other antidiscrimination remedies such as the Civil Service Act. (State Personnel Bd., at p. 431, 217 Cal. Rptr. 16, 703 P.2d 354.) The plurality opinion compared and contrasted the purposes of FEHA and the Civil Service Act and the rights and remedies available under the two acts and concluded that FEHA was intended to provide greater protections. The plurality opinion, however, did not comment on or decide whether a plaintiff must exhaust both administrative remedies. (State Personnel Bd., at pp. 431-434, 217 Cal.Rptr. 16, 703 P.2d 354.)
Ruiz v. Department of Corrections, supra, 77 Cal.App.4th at page 900, 92 Cal. Rptr.2d 139, also held that a plaintiff alleging a FEHA cause of action need not exhaust her state civil service administrative remedies. The court stated that State Personnel Bd. v. Fair Employment & Housing Com., supra, 39 Cal.3d 422, 217 Cal.Rptr. 16, 703 P.2d 354 compels the conclusion that state civil service employees can chose between the FEHA and civil service administrative remedies and need not pursue both. (Ruiz, at pp. 897-898, 92 Cal.Rptr.2d 139.) Ruiz interpreted the Supreme Court's comparison of the two administrative schemes to suggest that a claimant can elect to pursue the more advantageous administrative remedy and need not pursue the other. (Ruiz, at p. 898, 92 Cal.Rptr.2d 139.) Ruiz also noted the policy in favor of providing an economical and procedurally straightforward means to seek redress of discrimination claims. Ruiz concluded that "This must include the option of filing claims in multiple forums or just one, whichever one that *293 might be." (Ruiz, at p. 898, 92 Cal. Rptr.2d 139.)
The Ruiz court stated that to require state employees to pursue both administrative claims would create a burden that private employees do not share, and could create equal protection problems and a "procedural minefield." (Ruiz v. Department of Corrections, supra, 77 Cal.App.4th at p. 899, 92 Cal.Rptr.2d 139.) It stated that the state employee would have to "struggle to comply with the substantive and procedural requirements of each agency," and the limitations period to sue in court to challenge one of the administrative adjudications could expire before the other administrative remedy was exhausted. (Id. at p. 899, 92 Cal.Rptr.2d 139) Although the court acknowledged that equitable tolling might apply, the court concluded that the potential argument that the limitations period has expired would create an undue obstacle for employees. (Ibid.)
The California Supreme Court in Johnson v. City of Loma Linda (2000) 24 Cal.4th 61, 73, 99 Cal.Rptr.2d 316, 5 P.3d 874, recognized that a question exists about whether a city employee alleging a FEHA cause of action must exhaust the city's internal administrative remedy before suing in court, but did not decide the issue. The employee in Johnson exhausted the administrative remedies provided by both FEHA and the city, but did not timely seek judicial review of the city's administrative findings. (Johnson, at pp. 66, 71, 99 Cal.Rptr.2d 316, 5 P.3d 874.) The court held that the city's adverse administrative findings were binding in the subsequent FEHA action because the plaintiff did not successfully challenge those findings through the appropriate judicial review procedures and therefore did not exhaust his judicial remedies. (Johnson, at p. 76, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
The Johnson court rejected an argument that is closely analogous to the reasoning relied on in Watson v. Department of Rehabilitation, supra, 212 Cal.App.3d 1271, 261 Cal.Rptr. 204 and Ruiz v. Department of Corrections, supra, 77 Cal. App.4th 891, 92 Cal.Rptr.2d 139. Johnson referred to language in State Personnel Bd. v. Fair Employment & Housing Com., supra, 39 Cal.3d 422, 217 Cal.Rptr. 16, 703 P.2d 354 and other opinions describing the purposes of FEHA as expanding the remedies available to employees and creating a comprehensive scheme to combat employment discrimination. Johnson stated that these purposes did not compel the conclusion that an employee need not exhaust his judicial remedies pertaining to the city's internal administrative adjudication before suing in court under FEHA. (Johnson v. City of Loma Linda, supra, 24 Cal.4th, at pp. 71-72, 99 Cal.Rptr.2d 316, 5 P.3d 874.) It stated that the exhaustion of judicial remedies requirement accords due respect to administrative procedures by not undermining the administrative findings. (Id. at pp. 70, 72, 99 Cal.Rptr.2d 316, 5 P.3d 874.) The Johnson court distinguished Watson v. Department of Rehabilitation, supra, 212 Cal.App.3d 1271, 261 Cal.Rptr. 204 on the grounds that Watson involved the failure to exhaust administrative remedies as opposed to the failure to exhaust judicial remedies pertaining to an administrative adjudication, and that the plaintiff in Johnson had exhausted the city's administrative remedies. (Johnson, at pp. 72-73, 99 Cal. Rptr.2d 316, 5 P.3d 874.) Because the issue in Watson was not before the court, Johnson declined to address the issue. (Johnson, at p. 73, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
We believe that requiring an employee to exhaust the administrative remedies *294 available under both FEHA and the city charter ensures that the employee and the courts will reap the benefits of both of the administrative agencies' efforts, accords due respect to both agencies, and increases the likelihood that the matter will be resolved in whole or in part without court intervention. The two administrative remedies can be pursued simultaneously, as in Johnson v. City of Loma Linda, supra, 24 Cal.4th 61, 99 Cal.Rptr.2d 316, 5 P.3d 874. An employee should be excused from exhausting an administrative remedy only if the employee shows that to pursue both remedies would prejudice or unduly burden the employee beyond the effort and expense inherent in prosecuting two administrative claims, with due regard to the benefits of administrative exhaustion, so as to cause irreparable injury, or shows that one of the other established exceptions to the exhaustion requirement applies.
The fact that FEHA provides a comprehensive scheme to redress employment discrimination claims for many employees who already have another administrative remedy available to pursue those claims does not compel the conclusion that the employees are relieved of the duty to exhaust either administrative remedy. Statements by the California Supreme Court in State Personnel Bd, v. Fair Employment & Housing Com., supra, 39 Cal.3d 422, 217 Cal.Rptr. 16, 703 P.2d 354 do not indicate otherwise. Although Johnson v. City of Loma Linda, supra, 24 Cal.4th 61, 99 Cal.Rptr.2d 316, 5 P.3d 874 did not address the issue of whether an employee must exhaust both administrative remedies, our holding is consistent with the tenor of Johnson in that our holding accords due respect to an employer's internal administrative remedy and ensures that FEHA does not supplant an employer's internal remedy.
We note that the Ninth Circuit Court of Appeals has held that a plaintiff suing under title VII of the federal Civil Rights Act of 1964 need not exhaust an employer's internal grievance procedures before filing suit in court. (Miller v. Bank of America (9th Cir.1979) 600 F.2d 211, 214.) The court explained that title VII does not expressly require exhaustion of internal grievance procedures but only requires exhaustion of the administrative remedy provided under title VII. (Miller, at p. 214.) We cannot assume, however, that either the absence of an express requirement in FEHA that a plaintiff must exhaust an employer's internal grievance procedures or the provision of an administrative remedy under FEHA indicates a legislative intent to preclude the common law requirement of exhaustion of an employer's internal grievance procedures. If the Legislature intended to relieve a plaintiff alleging a FEHA cause of action from the requirement to exhaust non-FEHA administrative remedies, we trust it would do so explicitly.

4. Other Contentions

The parties' other contentions are moot in light of our conclusion that Schifando must exhaust both administrative remedies and has not shown error in the sustaining of the demurrer.

DISPOSITION
The judgment is affirmed. The city shall recover costs on appeal.
We concur: CROSKEY, Acting P. J., and ALDRICH, J.
NOTES
[1] "Whenever it is claimed by any person that he has been unlawfully suspended, laid off or discharged, and that such lay-off, suspension or discharge is ineffective for any reason, any claim for compensation must be made and a demand for reinstatement must be presented in writing within ninety days following the date on which it is claimed that such person was first illegally, wrongfully or invalidly laid off, suspended or discharged. Such demand for reinstatement must be filed with the Board of Civil Service Commissioners and such claim for compensation for such allegedly wrongful, illegal or erroneous discharge must be filed with the City Clerk. Failure to file such demand for reinstatement within the time herein specified shall be a bar to any action to compel such reinstatement and proof of filing such a demand for reinstatement must be completed and proved a condition precedent to the maintenance of any action for reinstatement. Proof of filing the claim for compensation within the time and in the manner herein specified shall be a condition precedent to any recovery of wages or salary claimed to be due on account of said lay-off, suspension or discharge. Except as herein specified, such claims for compensation shall conform to the requirements of Sections 363, 369 and 376 of this Charter." (§ 112½.)